UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| UNETIXS VASCULAR, INC., <br> Plaintiff, <br><br> v. <br><br> CORVASCULAR DIAGNOSTICS, LLC, <br> Defendant. | C.A. No. 16-cv-530-M-LDA |

## ORDER

CorVascular Diagnostics, LLC, moves to dismiss (ECF No. 19) Unetixs Vascular, Inc.'s, complaint, claiming that (1) Unetixs violated this Court's January 20, 2017, Text Order by failing to provide a more definitive statement as to Necessary Defendant Viasonix, Ltd.; and (2) the Court lacks personal jurisdiction over Defendant CorVascular. This Court has addressed a previous motion to dismiss by CorVascular (ECF No. 10) and therefore does not need to restate the facts or that legal analysis here.

1.  This Court's Text Order required Unetixs to "file a second amended complaint that pleads Viasonix, Ltd. as a necessary Defendant in order to interpret the contract in question." Unetixs did exactly that (*see* ECF No. 17); therefore, CorVascular's Motion to Dismiss (ECF No. 19) on that ground is denied.

2.  CorVascular also moves to dismiss for lack of personal jurisdiction, claiming that it "is not present and does not do business within Rhode Island," and therefore there is no "specific jurisdiction." ECF No. 19-1 at 6.

In deciding if specific jurisdiction exists, this Court must consider:

> (1) whether the claim 'directly arise[s] out of, or relate[s] to, the defendant's forum state activities;' (2) whether the defendant's in-state contacts 'represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable;' and (3) whether the exercise of jurisdiction is reasonable.

*C.W. Downer & Co. v. Bioriginal Food & Sci. Corp.* 771 F.3d 59, 65 (1st Cir. 2014) (alterations in original) (quoting *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F. 3d 42, 60 (1st Cir. 2002)).

A review of the complaint and submissions by the parties establishes that the Court has specific jurisdiction over CorVascular in Rhode Island. The operative action by CorVascular in this dispute—a cease and desist letter—was sent by CorVascular to Unetixs in Rhode Island and involves Unetixs' Rhode Island business. The cease and desist letter was also sent to Unetixs' Rhode Island-based customers, which affects Unetixs' business in Rhode Island. Furthermore, Corvascular uses sales representatives to sell its products to customers nationwide, including Rhode Island.

These facts show that "there is a demonstrable nexus" between Unetixs' claims and CorVascular's Rhode Island activities such that this litigation is "founded directly on those activities." *Mass. Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998) (citing *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 462 (1st Cir. 1990)). These activities by CorVascular represent a purposeful availment of this forum and exercise of jurisdiction over them in Rhode Island is certainly reasonable.

CorVascular's Motion to Dismiss (ECF No. 19) is DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

March 8, 2017